UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT P. YOUNG,
   Plaintiff,

vs.                                              No. 08-1089

UNITED STATES CELLULAR OF MADISON, et. al,
   Defendants

### MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The pro se plaintiff is a state prisoner who has filed various motions to amend his complaint. See July 2, 2008 Text Order.  While the plaintiff's Third Amended complaint makes reference to several statues without proper explanation, it is clear the plaintiff is alleging that the defendants violated his fourth, fifth and fourteenth amendment rights and he is requesting monetary damages. (Comp., p. 9, 10).  However,  the plaintiff also submitted a motion asking to file a writ of habeas corpus pursuant to 28 U.S.C. §2254(d). [d/e 18]   Therefore, the court asked the plaintiff to clarify what kind of lawsuit he intended to file. *See* July 2, 2008 Text Order.  The plaintiff has now responded that this is a lawsuit pursuant to 42 U.S.C. §1983. [d/e 19]

The plaintiff has listed the following 9 defendants in the caption of his second amended complaint: United States Cellular of Madison, Wisconsin; McLean County States Attorney William Yoder; United States Cellular of Itasca, Illinois; United States Cellular of Bloomington, Illinois; United States Cellular Employees Nate Daugherty and Tracy Hart; the City of Bloomington, the Bloomington Police Department and Detective Michael Gray.

The plaintiff's main allegation is that altered phone records were used in his prosecution for the offense of Manufacture and Delivery of a Controlled Substance.  The plaintiff says he believes the inaccurate phone records were supplied in response to a Grand Jury subpoena.  In addition, he says Bloomington police officers perjured themselves during testimony, and his defense attorney did not subpoena his alibi witness or produce other relevant evidence.  The plaintiff has articulated eight separate counts:

**Count One**: Alleges that U.S. Cellular provided inaccurate phone records in response to a Grand
     Jury Subpoena and Nate Daughtery testified that the records were accurate.

1

**Count Two**: Alleges that Detective Gray relied upon the inaccurate phone records and perjured himself during testimony
**Count Three**: Alleges that Detective Gray obtained a warrant that was not based on probable cause.
**Count Four**: Alleges malicious prosecution against Detective Gray.
**Count Five**: Alleges a violation of constitutional rights and ineffective assistance of counsel against Public Defender Ron Lewis. The plaintiff did not name Lewis as a defendant.
**Count Six**: Alleges malicious prosecution against the Bloomington Police Department
**Count Seven**: Alleges malicious prosecution against the "McLean County Prosecutor." (Comp, p. 28)
**Count Eight**: Appears to allege that the presiding judge in his criminal trial violated his rights when he issued an arrest warrant without probable cause, showed bias during the trial and did not allow a hearing to prove the plaintiff's innocence. The plaintiff did not name the judge as a defendant.

The plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to §1983. The plaintiff cannot sue many of the individuals he has named as defendants. For instance, the judges are shielded from civil liability for their judicial actions, unless they have acted in "clear absence of jurisdiction." *Stump v. Sparkman*, 435 U.S. 9, 10 (1991); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). Judicial immunity applies, even when the action is alleged to have been in error, procedurally flawed, or with bad motive. *Id.* See also, *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990)(allegations of conspiracy insufficient to overcome judicial immunity); *Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th cir. 1987) (immunity applies even when alleged act was malicious or corrupt). The plaintiff has failed to state any claim against the judge in his criminal trial.

In addition, prosecutors such as States Attorney Yoder enjoy absolute immunity from suits for actions taken in the course of presenting their case. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated " with the judicial process); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994)(prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). *See also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.")

The plaintiff does not clearly identify Public Defender Ron Lewis as a defendant in the caption of his complaint or his list of parties to the lawsuit. (Comp., p. 20-24) Nonetheless, if he intended to sue Lewis, the plaintiff has failed to state a claim upon which relief can be granted. While public defenders such as Lewis are not entitled to absolute immunity, a public defender does not act under color of state law when performing the traditional functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981). Therefore, the federal court does not have jurisdiction over plaintiff' claims against this defendant.

The plaintiff also has not stated a claim against the City of Bloomington or the

Bloomington Police Department.  Liability under §1983 can be imposed on governmental entities only if the underlying constitutional deprivation resulted from the execution of an official custom, policy or practice. *Monell v. Department of Social Services*, 436 U.S.658, 694 (1978).  The plaintiff has not alleged any custom, policy or practice of the police department lead to his alleged constitutional deprivation.

The U.S. Cellular offices and employees Nate Daugherty and Tracy Hart are not proper defendants.   Neither are state actors as required by §1983.   The employees simply responded to a subpoena.

The remaining defendant is Police Officer Gray.  However, the plaintiff cannot sue the officer based on perjured testimony. Police officers enjoy absolute immunity from lawsuits brought pursuant to §1983 that seek damages arising out of their alleged perjured testimony before a grand jury, *Kincaid v Eberle,* 712 F.2d 1023 (7th Cir), or at trial. *Briscoe v La Hue,* 460 U.S. 325 (1983).

Finally, all of the plaintiff's claims against the defendants are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).   In *Heck,* the Supreme Court held that a suit that seeks to overturn a state  sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration.   The plaintiff does not claim that his conviction has been overturned. In addition, the court would have to find that the plaintiff's conviction was invalid in order for the court to determine that the actions of the defendants were unlawful.  Therefore the plaintiff's claims against all defendants are barred by *Heck.*

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   All pending motions are denied and this case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of**

3

      court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)   The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)   The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)   If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 16th day of July, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE